**IN THE UNITED STATES DISTRICT COURT**
**SOUTHEN DISTRIC OF OHIO**

| | | |
|---|---|---|
| **GERALDINE WINFIELD**, | : | CASE NO. |
| c/o Walton + Brown LLP | : | |
| 395 East Broad Street, Suite 200 | : | |
| Columbus, Ohio 43215 | : | JUDGE |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **BIG LOTS CORPORATION**, | : | |
| 4900 East Dublin Granville Road, | : | JURY DEMAND ENDORSED HEREON |
| Westerville, Ohio 43081 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

**I.      Preliminary Statement**

1.      This action seeks economic, compensatory, and punitive damages; declaratory, injunctive and equitable relief; prejudgment and post-judgment interest; and attorneys' fees and costs for the violations of the Reconstruction Civil Rights Act, 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; and the Ohio Laws Against Discrimination, R.C. Ch. 4112.

**II.      Jurisdiction and Venue**

2.      Plaintiff brings race discrimination, harassment, and retaliation claims under the Reconstruction Civil Rights Act, 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the Ohio Laws Against Discrimination, R.C. 4112.99.

3.      This Court has jurisdiction by virtue of 28 U.S.C. §§ 1331 (federal question); 1343 (civil rights); and 1367 (supplemental jurisdiction).

4.      Based on a timely-filed charge affidavit, Plaintiff received a Right-to-Sue Letter from the Equal Employment Opportunity Commission less than 90 days ago (true and accurate copy of which is attached hereto as Exhibit A).

5.     Declaratory, injunctive, and equitable relief, including reinstatement, are sought pursuant to 28 U.S.C. §§ 2201; 2202, and the common law of the State of Ohio.

6.     Compensatory and punitive damages may be awarded under Title VII; R.C. 4112.99; and the common law of the State of Ohio.

7.     Costs and attorneys' fees may be awarded pursuant to the 42 U.S.C. § 1988; Title VII, 42 U.S.C. § 2000e-5(k); Fed. R. Civ. P. 54; and the common law of the State of Ohio.

8.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claims arose in and around Franklin County, Ohio, where Defendant Big Lots Corporation employed Plaintiff at all times material to this Complaint and the materially adverse actions described herein occurred.

**III.     Parties**

9.     Plaintiff Geraldine Winfield ("Ms. Winfield") is an African-American female resident of Franklin County, Ohio. Ms. Winfield was employed by Defendant Big Lots Corporation in a W-2 capacity between August and November of 2020.

10.     Defendant Big Lots Corporation ("Big Lots") is a corporation with over 32,000 employees and locations across the nation. Ms. Winfield worked at the Big Lots West Columbus Distribution Center located at at 300 Georgesville Road, Columbus, Ohio 43228.

**IV.     Facts**

11.     Plaintiff Geraldine Winfield was employed as an Asset Protection Officer for Big Lots from August 20, 2020 until November 9, 2020.

12.     During Ms. Winfield's employment, she was the only African American female on her shift.

13.     As part of the onboarding process, Ms. Winfield received training and instruction from various Caucasian males in different work positions.

14. Ms. Winfield's training involved work in the Control Room, where she and other security personnel operated security gates that controlled vehicle access to the premises.

15. During on-the-job training in the Control Room, Ms. Winfield received instruction from Ryan Clegg, a male Caucasian Asset Control Officer.

16. On or about September 16, 2020, during said training, Ryan Clegg accidentally opened a security gate and caused a tractor trailer to enter the premises through the wrong gate.

17. During the same training Ryan Clegg informed his supervisor, Larry Willins, about the mistake, and Larry Willins dismissed the error without any further action.

18. On or about October 23, 2020, Ms. Winfield observed another male Caucasian coworker, Kevin Kidd, improperly open Security Gate 2 in order to allow two Caucasian females unauthorized access onto the premises.

19. Kevin Kidd's superiors were made aware of the error and Kevin Kidd received no repercussions.

20. On or about October 15 and 16, 2020, Ms. Winfield received training from Dennis Slaughter, another male Caucasian coworker, who went on a tirade and made numerous derogatory statements about religion, political affiliations, women, African American people, with specific mention of Breonna Taylor and George Floyd.

21. On or about October 17, 2020, Ms. Winfield submitted both verbal and email written complaints to manager Mark Totman, a Caucasian male, regarding the statements of Mr. Slaughter and statements made by multiple coworkers displaying disparaging attitudes towards race, religion, and political association.

22. On or about October 21, 2020, Ms. Winfield again submitted a written complaint about the same issues to Mark Totman and Human Resource Director Kathy Adams.

23.     Ms. Winfield's complaints were in compliance with the reporting procedures for harassment and discrimination that Big Lots distributed to employees.

24.     On or about October 21, 2020, Mark Totman called Ms. Winfield into a meeting to discuss her complaints, during which he displayed anger towards her and told her that she was the problem.

25.     Kathy Adams requested an email from Ms. Winfield regarding Ms. Winfield's complaints, and Ms. Winfield submitted that email to both Kathy Adams and Mark Totman.

26.     Ms. Winfield received no further communications regarding her multiple complaints, and to her knowledge management took no action to investigate or correct the issues.

27.     On or about November 4, 2020, Ms. Winfield experienced a problem with Security Gate 2 that caused the gate to open, the same gate that had previously malfunctioned for other male Caucasian employees.

28.     Ms. Winfield reported the erroneous gate opening to management in the same or similar manner she had observed other male Caucasian employees.

29.     Big Lots again scheduled Ms. Winfield to work the same gate control post four days later on November 8, 2020.

30.     Big Lots offered Ms. Winfield no corrective training, instruction, or discussion of the November 4, 2020 gate error, and to Ms. Winfield's knowledge Big Lots management was treating the error as it had treated other similar errors by male Caucasian employees in the same role.

31.     On or about November 9, 2020, Big Lots terminated Ms. Winfield, allegedly for violating the security gate policy.

32.     Similarly situated Caucasian female Asset Protection Officers in Plaintiff's workplace did not suffer from the same type of arbitrary treatment, hostile conduct, or other adverse actions suffered by Plaintiff, nor did any of the men, Caucasian or not.

33. More generally, the hostility from some Big Lots employees and managers towards Plaintiff was undisguised: glaring, rude, angry, or dismissive.

34. The harassment towards Plaintiff occurred during one of the most contentious national election cycles in living memory, which Big Lots knew was likely to cause some employees to treat others with hostility.

35. Ms. Winfield was forced to constantly fight to be treated fairly by Big Lots employees and managers, and this still adversely affects her.

36. The disparity in Big Lots management's response to the same or similar gate errors made by male Caucasian employees was open and readily observed by others. At least one other African American Big Lots employee consoled Ms. Winfield about her treatment.

37. Defendant did not further investigate or otherwise take any remedial actions in response to Plaintiffs' complaints of race and/or sex discrimination and/or severe or pervasive harassment leading to a hostile work environment based on sex and race.

38. Defendant's asserted reasons for terminating Ms. Winfield from her Asset Protection Officer role constitute pretext for discrimination and/or retaliation because its similarly situated male and/or non-Black who did not engage in protected activity engaged in the same, similar, and/or worse conduct and were not so terminated.

39. These similarly situated individuals outside of Plaintiff's protected classes who did not engage in protected activities were (and continue to be) generally treated more favorably than Plaintiff and not subjected to the conduct underlying their claims of hostile work environment based on a combination of race and/or sex.

40. As a direct and proximate result of Defendant's failure to remedy a hostile work environment based on race and/or sex after having been notified on several occasions by Plaintiff and declining to and/or otherwise failing to take any meaningful action intended to end the harassment,

Plaintiff has suffered and continues to suffer from emotional distress and hardship, frustration, and humiliation.

41. As a direct and proximate result of Defendant's discrimination in terminating Ms. Winfield from her Asset Protection Officer role because of her race, sex, and/or in retaliation for her protected activity in complaining about and/or opposing race and/or sex discrimination and a discriminatory severe or pervasive harassment leading to a hostile work environment, Ms. Winfield suffered and continues to suffer economic loss in the form of lost income arising out of her loss of the additional compensation, promotions, and benefits that continued employment would have afforded her.

42. As a direct and proximate result of Defendant's adverse actions against Plaintiff because of her race, sex, and/or in retaliation for her protected activity in complaining about and/or opposing race and/or sex discrimination and/or discriminatory severe or pervasive harassment leading to a hostile work environment, Plaintiff has suffered and continues to suffer from emotional distress, frustration, and humiliation.

43. As a direct and proximate result of Defendant's adverse actions against Plaintiff because of her race, sex, and/or in retaliation for her protected activity in complaining about and/or opposing race and/or sex discrimination and/or discriminatory severe or pervasive harassment leading to a hostile work environment, Defendant acted with conscious disregard towards Plaintiff's rights to remain free from discrimination and retaliation, even though its conduct had a great probability of causing the Plaintiff economic and/or emotional hardship and did cause such harm.

**V. Claims**

### Count I: Violation of Title VII of Civil Rights Act of 1964

44. Paragraphs 1 through 43 are incorporated herein as if fully set forth.

45.     By failing to remedy a severe and/or pervasive hostile work environment based on race and/or sex as to the Plaintiff, Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*.

46.     By terminating Plaintiff Winfield from her role as Asset Protection Officer for pretextual reasons because of her race, sex, and/or in retaliation for making complaints about and/or opposing conduct she sincerely and reasonably perceived to be race and/or sex discrimination and/or discriminatory severe or pervasive harassment leading to a hostile work environment, Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*.

47.     By imposing upon Plaintiffs materially adverse employment actions or otherwise denying her equal opportunities and/or treatment for pretextual reasons because of their race, sex, and/or in retaliation for making complaints about and/or opposing conduct she sincerely and reasonably perceived to be race and/or sex discrimination and/or discriminatory severe or pervasive harassment leading to a hostile work environment, Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*.

### Count II: Violation of Ohio Laws Against Discrimination

48.     Paragraphs 1 through 47 are incorporated herein as if fully set forth.

49.     By failing to remedy a severe and/or pervasive hostile work environment based on race and/or sex as to the Plaintiff, Defendant violated the Ohio Laws Against Discrimination, R.C. 4112.

50.     By terminating Plaintiff Winfield from her role as Asset Protection Officer for pretextual reasons because of her race, sex, and/or in retaliation for making complaints about and/or opposing conduct she sincerely and reasonably perceived to be race and/or sex discrimination and/or discriminatory severe or pervasive harassment leading to a hostile work environment, Defendant violated the Ohio Laws Against Discrimination, R.C. 4112.

51. By imposing upon Plaintiff materially adverse employment actions or otherwise denying her equal opportunities and/or treatment for pretextual reasons because of their race, sex, and/or in retaliation for making complaints about and/or opposing conduct she sincerely and reasonably perceived to be race and/or sex discrimination and/or discriminatory severe or pervasive harassment leading to a hostile work environment, Defendant violated the Ohio Laws Against Discrimination, R.C. 4112.

### Count III: Violation of the Reconstruction Era Civil Rights Act

52. Paragraphs 1 through 51 are incorporated herein as if fully set forth.

53. By failing to remedy a severe and/or pervasive hostile work environment based on race as to the Plaintiff, Defendant violated the Reconstruction Era Civil Rights Act, 42 U.S.C. § 1981.

54. By terminating Plaintiff Winfield from her role as Asset Protection Officer for pretextual reasons because of her race, Defendant violated the Reconstruction Era Civil Rights Act, 42 U.S.C. § 1981.

55. By imposing upon the Plaintiff materially adverse employment actions or otherwise denying her equal opportunities and/or treatment for pretextual reasons because of her race, Defendant violated the Reconstruction Era Civil Rights Act, 42 U.S.C. § 1981.

## VI . Prayer for Relief

WHEREFORE, the Plaintiff is entitled to and pray for the following relief:

A. a declaration that Defendant violated Title VII of the Civil Rights Act, the Ohio Laws Against Discrimination, and/or the Reconstruction Era Civil Rights Act;

C. wages, salary, employment benefits, and other compensation denied or lost because of Defendant's violations;

D. compensatory and punitive damages;

E. prejudgment and post-judgment interest;

F.      costs and attorneys' fees; and

G.      such other relief as the Court deems fair and equitable.


Respectfully submitted,

/s/ *Chanda L. Brown*
Chanda L. Brown (0081076)
(*cbrown@waltonbrownlaw.com*)
WALTON + BROWN LLP
395 E. Broad Street, Suite 200
Columbus, OH 43215
614-636-3476
Fax: 614-636-3453


**JURY DEMAND**

Plaintiff demands a trial by jury on all issues and defenses triable to a jury.

By: /s/ *Chanda Brown*
Chanda L. Brown (0081076)